U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 JUN 17 PM 2: 43

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TAMARA LATOYA BROWN,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　Case No. 5:13-cv-153
　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,　　　　　　 )
Acting Commissioner of Social Security,　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Docs. 7, 11 & 15)

This matter came before the court for a review of the Magistrate Judge's April 18, 2014 Report and Recommendation ("R & R"). Plaintiff has filed a motion to reverse the decision of the Commissioner. (Doc. 7.) Defendant opposes the motion and has filed a motion for order affirming the decision of the Commissioner. (Doc. 11.) Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See*

*Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In his twenty-six page R & R, the Magistrate Judge reviewed the factual record and the motions before the court and correctly determined that, among other things, the Administrative Law Judge ("ALJ") erred in failing to apply the applicable regulatory factors in determining what weight to afford Dr. Karen Huyck's opinions and by failing to mention the opinions of treating primary care physician Dr. David Park. On this basis, the R & R is adopted.

The court does not adopt those portions of the R & R which may be interpreted to direct the ALJ, on remand, to give certain evidence a particular weight or to reach a particular credibility determination.[1] "It is the function of the [Commissioner], not the reviewing courts, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Sec'y of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not [the reviewing] court, to weigh the conflicting evidence in the record."); *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) (ruling that the reviewing court may not substitute its own judgment for the Commissioner's with regard to conflicting evidence and the credibility of witnesses); *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

---

[1] *See, e.g.*, Doc. 15 at 14 ("The ALJ's failure to consider Dr. Park's opinions was not harmless because, even assuming those opinions are not entitled to 'controlling weight,' several of the regulatory factors favor affording significant weight to them."); Doc. 15 at 18 ("Applying the [regulatory] factors, the ALJ should have given more weight to the [Perkins and Glasgo opinions]"); Doc. 15 at 25 (disagreeing with ALJ's finding that "Brown was able to take two college-level courses, care for her children, and maintain her household" and concluding that "[t]hese were not sufficient grounds for finding that Brown's allegations of pain, mental impairments, and resulting functional limitations were not credible. As explained above, the record demonstrates that Brown was unable to care for her children and maintain her household on her own.").

2

For the foregoing reasons, the court hereby ADOPTS IN PART the Magistrate Judge's R & R as the court's Opinion and Order, and GRANTS Plaintiff's motion to reverse decision of the Commissioner (Doc. 7), and DENIES the Defendant's motion for order affirming the decision of the Commissioner (Doc. 11).  This matter is REMANDED for further proceedings and a new decision consistent with this ruling. SO ORDERED.

Dated at Rutland, in the District of Vermont, this _17ᵗʰ_ day of June, 2014.

Christina Reiss, Chief Judge
United States District Court